# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

KENNA H.,[1]                          :      Case No. 3:20-cv-00349

      Plaintiff,                    :
                                      :      Magistrate Judge Caroline H. Gentry
                                      :      (by full consent of the parties)
vs.                                   :
                                      :
COMMISSIONER OF THE SOCIAL            :
SECURITY ADMINISTRATION,              :
                                      :
      Defendant.                    :

---

# DECISION AND ORDER

---

## I.  INTRODUCTION

Plaintiff filed an application for Disability Insurance Benefits in April 2017. Plaintiff's claim was denied initially and upon reconsideration. After a hearing at Plaintiff's request, the Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review. Plaintiff subsequently filed this action.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

Statement of Errors (Doc. 13), the Commissioner's Memorandum in Opposition (Doc. 15), Plaintiff's Reply (Doc. 16), and the administrative record (Doc. 10).

## II. BACKGROUND

Plaintiff asserts that he has been under a disability since March 15, 2016. At that time, he was thirty-nine years old. Accordingly, Plaintiff was considered a "younger person" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(c). Plaintiff has a "high school education and above." *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 10-2, PageID 58-70), Plaintiff's Statement of Errors (Doc. 13), the Commissioner's Memorandum in Opposition (Doc. 15), and Plaintiff's Reply (Doc. 16). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ

2

are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and

where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

## IV.    FACTS

### A.    The ALJ's Findings of Fact

The ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520.  The ALJ made the following findings of fact:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful activity since March 15, 2016, the alleged onset date. |
| Step 2: | He has the severe impairments of degenerative disc disease of the lumbar spine, obstructive sleep apnea, plantar fasciitis, carpal tunnel syndrome, and depression. |
| Step 3: | He does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | His residual functional capacity (RFC), or the most he can do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of light work as defined in 20 § CFR 404.1567(b), subject to the following limitations: (1) occasional crouching, crawling, kneeling, stooping, and climbing of ramps and stairs; (2) no climbing of ladders, ropes and scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) no driving of automotive equipment; (5) no concentrated exposure to vibrations; (6) frequent use of the hands for pushing, pulling, using hand controls, handling and fingering; and (7) limited to performing unskilled, simple, repetitive tasks |

He is unable to perform any past relevant work.

Step 5:    Considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that he can perform.

(Doc. 10-2, PageID 60-69.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 69.)

## B.    Dr. Randi Grinsell, M.D.

Dr. Grinsell completed a Medical Assessment of Ability to Do Work-Related Activities (Physical) form in April 2019. (Doc. 10-7, PageID 734-39.) Dr. Grinsell noted that she had been treating Plaintiff for ten months. (*Id.* at PageID 734.) She referred to the following medical problems: urinary frequency, carpal tunnel, [hypertension], GERD, sleep apnea, testicular hypofunction, and obesity. (*Id.*)

Dr. Grinsell opined that Plaintiff would be absent from work more than three times per month. (*Id.* at PageID 735.) She opined that Plaintiff would "be distracted by either his pain or psychological distress" for one-half of the time. (*Id.*) According to Dr. Grinsell, Plaintiff's bilateral carpal tunnel syndrome "negatively impact[ed] the sustained or repetitive use of the hands for activities such as forceful gripping or fine manipulation." (*Id.* at PageID 736.) Dr. Grinsell also opined that Plaintiff did not have the ability to use the upper extremities on a sustained basis, for up to three-hour periods of time, "for manipulative activities like sorting, folding, pushing, pulling and/or fine and gross manipulation." (*Id.*) Dr. Grinsell indicated that Plaintiff's carpal tunnel syndrome affected Plaintiff's ability to lift and carry, but she was unable to determine any specific lifting or carrying limitations. (*Id.*) She opined that Plaintiff should avoid "high stress or

5

stressful jobs" because Plaintiff's anxiety would cause "increased issues w[ith] his urine frequency." (*Id.* at PageID 738.) Additionally, Dr. Grinsell opined that Plaintiff would be unable to "perform full-time competitive work over a sustained basis without missing work more than two times a month or being off task more than [fifteen percent] of the workday." (*Id.* at PageID 739.)

The ALJ concluded that Dr. Grinsell's opinion was "not persuasive." (Doc. 10-2, PageID 66.) The ALJ explained:

> [Dr. Grinsell] indicated that [Plaintiff's] carpal tunnel syndrome is his most significant medical problem but the undersigned does not see any reason why this condition would either place him off-task ½ the time or absent three days a month. [Plaintiff] did undergo carpal tunnel release surgery in the remote past but has had little recent treatment for his current carpal tunnel complaints. Dr. Grinsell's conclusion that [Plaintiff] would be unable to use his hands for three hours per day appears to be based upon an uncritical acceptance of [Plaintiff's] subjective complaints with no serious inquiry into whether such complaints are consistent with her own examination findings or the claimant's treatment history. Nor are the moderate level degenerative changes in [Plaintiff's] lumbosacral spine indicative of serious back pain complaints which would warrant a conclusion that [Plaintiff] could be expected to be absent three times per month or be off task for one-half of the workday.

(*Id.* at PageID 66-67.)

## V.  LAW AND ANALYSIS

Plaintiff contends that the ALJ reversibly erred in evaluating the medical opinions and Plaintiff's symptom severity, and that he failed to carry the Step Five burden. (Doc. 13, PageID 868.) Finding error in the ALJ's evaluation of Dr. Grinsell's opinions, the Court does not address the remaining issues and instead instructs the ALJ to address all of them on remand.

6

### A.    Evaluation of Medical Opinions

Social Security regulations require ALJs to adhere to certain standards when evaluating medical opinions. Because Plaintiff filed her claim in April 2017, the new regulations for evaluating medical opinion evidence apply. Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) . . . ." 20 C.F.R. § 404.1520c(a). Instead, the ALJ must evaluate the persuasiveness of each medical opinion and prior administrative medical finding by considering the following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(c).

Significantly, because the first two factors—supportability and consistency—are the "most important" ones, the ALJ "*will* explain" how he or she considered them. 20 C.F.R. § 404.1520c(b)(2) (emphasis added).[2] As to the first factor (supportability), "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). As to the second factor (consistency), "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. § 404.1520c(c)(2).

---

[2] By contrast, the ALJ "may, but [is] not required to," explain the consideration given to the remaining factors. 20 C.F.R. § 404.1520c(b)(2).

B.    **Harmless Error**

Courts generally will excuse an ALJ's procedural violation as harmless error unless it prejudices the claimant on the merits or deprives him of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2007) (citing *Connor v. U.S. Civil Serv. Comm'n*, 721 F.2d 1054, 1056 (6th Cir. 1983)). A court's ability to excuse a procedural error depends, however, upon the nature of the regulation and the importance of its procedural safeguard. *Id*. For example, an ALJ's failure to comply with the treating physician rule will rarely be excused. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541 (6th Cir. 2004). Such an error may only be excused as harmless if the medical opinion "is so patently deficient that the Commissioner could not possibly credit it," if the violation is irrelevant because the Commissioner "adopts the opinion … or makes findings consistent with [it]," or if the goal of the procedural safeguard is otherwise met. *Id*. at 547.

The Sixth Circuit has not addressed the circumstances under which an ALJ's failure to explain his consideration of the supportability and consistency factors, as required by 20 C.F.R. § 404.1520c(b)(2), can be excused as harmless error. However, several district courts in the Sixth Circuit have held that the harmless error test articulated in *Wilson*, which applies to violations of the treating physician rule, should also apply to violations of Section 404.1520c(b)(2). *See Musolff v. Comm'r of Soc. Sec.*, 2022 U.S. Dist. LEXIS 88910, *39 (N.D. Ohio Apr. 27, 2022) (citing cases). This Court agrees that the harmless error test articulated in *Wilson* should apply to violations of 20 C.F.R. § 404.1520c(b)(2).

The mandatory articulation requirement in Section 404.1520c(b)(2) is similar to the "good reasons" requirement of the treating physician rule. Under that rule, an ALJ who declines to give controlling weight to the opinion of a treating physician must articulate "specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record." SSR 96-2p, 1996 WL 374188, *5 (1996). The ALJ's stated reasons "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id*. The purposes of the good reasons requirement are twofold: to permit meaningful judicial review of the ALJ's application of the treating physician rule, and to ensure that claimants understand why the ALJ disagreed with the opinion of their own physician, who considered them disabled. *Wilson*, 378 F.3d at 544-45.

The regulation at issue here is part of the regulatory framework that replaced the treating physician rule and its concomitant good reasons requirement. Under the new framework, ALJs do not give controlling weight to a treating physician's opinion. Instead, ALJs must evaluate the persuasiveness of each medical opinion by using a five-factor test. 20 C.F.R. § 404.1520c(c). ALJs are not required to explain their consideration of all five factors. 20 C.F.R. §§ 404.1520c(b)(2). They are, however, required to explain their evaluation of the supportability and consistency factors. *Id*. The regulation therefore imposes a burden of explanation, or mandatory articulation, upon ALJs.

The mandatory articulation requirement in Section 404.1520c(b)(2) serves the same purposes as the good reasons requirement of the treating physician rule. By requiring ALJs to articulate their analysis of the most important factors to consider when

9

determining the persuasiveness of medical opinions (i.e., supportability and consistency), the requirement permits meaningful judicial review. It also ensures that claimants will receive an explanation of why the ALJ found each medical opinion, including those of their treating physician, to be persuasive, partially persuasive, or not persuasive.

In sum, the function and purposes of the mandatory articulation rule in Section 404.1520c(b)(2) are similar to those of the good reasons requirement at issue in *Wilson*. Therefore, the *Wilson* harmless error test should also apply to procedural violations of Section 404.1520c(b)(2).

This conclusion is consistent with Sixth Circuit's analysis in *Rabbers*. In that case, the Sixth Circuit reasoned that the *Wilson* test should not extend to a regulation that is a mere "adjudicatory tool" designed to aid the SSA. *Rabbers*, 582 F.3d at 656. Here, the mandatory articulation requirement is not an adjudicatory tool. Instead, it imposes a burden of explanation that serves an "independent and important function" by enabling judicial review and allowing claimants to understand the reasons for the decision. *Id*. The Commissioner's use of mandatory language (the ALJ "*will* explain") confirms the importance of this procedural safeguard. 20 C.F.R. § 404.1520c(b)(2) (emphasis added).

The relative ease or difficulty of conducting a harmless error analysis is also a relevant factor to consider. *Rabbers*, 582 F.3d at 657. An ALJ's failure to comply with Section 404.1520c(b)(2) will make it difficult for a court to determine whether the error is harmless. *See, e.g., Terhune v. Kijakazi*, Case No. 3:21-cv-37, 2022 U.S. Dist. LEXIS 130309, *14-15 (E.D. Ky. July 22, 2022). This difficulty provides another reason for concluding that the *Wilson* test should apply to violations of Section 404.1520c(b)(2).

10

For these reasons, this Court concludes that the *Wilson* harmless error test applies to violations of 20 C.F.R. § 404.1520c(b)(2). Accordingly, an ALJ's failure to explain his consideration of the supportability and consistency factors when determining the persuasiveness of a medical opinion can only be excused as harmless error if: (1) the medical opinion is patently deficient, (2) the ALJ adopted the medical opinion or made findings consistent with the opinion, or (3) the goal of the regulation was otherwise met. *Wilson*, 378 F.3d at 547. Such an error cannot be excused as harmless for other reasons, including where substantial evidence in the record may support the ALJ's conclusion regarding the persuasiveness (or lack thereof) of the medical opinion. *Id.* at 546.

### C.      The ALJ Reversibly Erred When Analyzing Dr. Grinsell's Opinions

The Court concludes that the ALJ erred in his analysis of Dr. Grinsell's opinions and that these errors cannot be excused as harmless. Therefore, the Court reverses and remands the ALJ's decision.

#### 1.      *The ALJ erred by failing to comply with the mandatory articulation requirement in Section 404.1520c(b)(2) and these errors were not harmless.*

The ALJ was required to explain his analysis of the supportability and consistency factors when he considered the persuasiveness of Dr. Grinsell's opinions. 20 C.F.R. § 404.1520c(b)(2). Nowhere in his decision did the ALJ explain his consideration of either factor in relation to Dr. Grinsell's opinions. The Court therefore concludes that the ALJ violated 20 C.F.R. § 404.1520c(b)(2).

Next, the Court considers whether the ALJ's errors can be excused as harmless. The Court finds that Dr. Grinsell's opinions were not patently deficient

and, further, that the ALJ did not adopt her opinions or make findings consistent with them. *Wilson*, 378 F.3d at 547. The remaining question is whether the goals of Section 404.1520c(b)(2) were met by the ALJ's decision. *Id*. In other words, the Court must determine whether the ALJ's explanation is sufficient to permit meaningful judicial review and to enable the Plaintiff to understand why the ALJ concluded that Dr. Grinsell's opinions were not persuasive.

The Court concludes that the ALJ's explanation does not meet the goals of Section 404.1520c(b)(2). For example, the ALJ stated he "d[id] not see any reason why" Plaintiff's condition would cause him to be off task or absent from work. (Doc. 10-2, PageID 67.) This statement is conclusory and unsupported. The ALJ did not evaluate the supportability or consistency of Dr. Grinsell's opinion. Instead, the ALJ appeared to substitute his own judgment for that of a medical source, which is not appropriate under the applicable five-factor test. 20 C.F.R. § 404.1520c(c). The ALJ's analysis does not permit meaningful judicial review.

Further, with regard to Dr. Grinsell's opinion that Plaintiff would be unable to use his hands for three hours each day, the ALJ stated that this opinion "appears to be based upon an uncritical acceptance of the claimant's subjective complaints with no serious inquiry into whether such complaints are consistent with her own examination findings or the claimant's treatment history." (Doc. 10-2, PageID 67.) But it was the responsibility of the ALJ, not Dr. Grinsell, to determine whether her medical opinion is supported by her own examination findings and consistent with other evidence in the record. There is no reason to believe that the ALJ did so. The

12

ALJ's analysis neither permits meaningful judicial review nor enables the Plaintiff to understand why the ALJ found Dr. Grinsell's opinion to be unpersuasive.

Accordingly, the Court concludes that the ALJ's errors in failing to comply with the mandatory articulation requirement in 20 C.F.R. § 404.1520c(c) cannot be excused as harmless. The Commissioner's decision must therefore be reversed and remanded. *Cf. Andrew M. v. Comm'r of Soc. Sec.*, Case No. 1:20-cv-906, 2022 U.S. Dist. LEXIS 40323, *17-18 (S.D. Ohio Mar. 8, 2022) (Bowman, M.J.) (failure to comply with the mandatory articulation requirement in Section 404.1520c(b)(2) was not harmless where evidence in the record could have supported the rejected medical opinions); *Miles v. Comm'r of Soc. Sec.*, Case No. 3:20-cv-410, 2021 U.S. Dist. LEXIS 202840, *12 (S.D. Ohio Oct. 21, 2021) (Silvain, M.J.) (violation of the mandatory requirement in Section 404.1520c(b)(2) required reversal and "the Commissioner's *post hoc* rationalization of how [the] ALJ could have applied the factors … does not cure this deficiency").

**2.** **The ALJ erred by failing to comply with SSR 16-3p and this error was not harmless.**

The ALJ also erred by discounting Dr. Grinsell's opinions based on his belief that Plaintiff's complaints were inconsistent with his treatment history, without considering the reasons why Plaintiff had not obtained treatment.

The ALJ relied on Plaintiff's treatment history twice in his analysis of Dr. Grinsell's opinions. First, he stated that "[Plaintiff] did undergo carpal tunnel release surgery in the remote past but has had little recent treatment for his current

carpal tunnel complaints." (Doc. 10-2, at PageID 66-67.) Second, he stated that "Dr. Grinsell's conclusion that [Plaintiff] would be unable to use his hands for three hours per day appears to be based upon an uncritical acceptance of [Plaintiff's] subjective complaints with no serious inquiry into whether such complaints are consistent with … [Plaintiff's] treatment history." (*Id.*) Similarly, when evaluating the objective evidence and Plaintiff's symptom severity, the ALJ made several references to Plaintiff's treatment history. (*Id.* at PageID 63-65.)

The ALJ erred by relying on Plaintiff's treatment history as a justification for discounting Dr. Grinsell's opinions without considering the reasons for the lack of treatment. Social Security Ruling 16-3p requires ALJs to determine ***why*** an applicant's treatment history is inconsistent with his complaints:

> [I]f the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints, or if the individual fails to follow prescribed treatment that might improve symptoms, we may find the alleged intensity and persistence of an individual's symptoms are inconsistent with the overall evidence of record. ***We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints. We may need to contact the individual regarding the lack of treatment or, at an administrative proceeding, ask why he or she has not complied with or sought treatment in a manner consistent with his or her complaints***. . . . We will explain how we considered the individual's reasons in our evaluation of the individual's symptoms.

Soc. Sec. Ruling 16-3p, 2017 WL 5180304, at *9-10 (Oct. 25, 2017) (effective March 28, 2016) (emphasis added).

The ALJ's decision did not comply with SSR 16-3p. There is no indication that he considered the reasons for the Plaintiff's lack of treatment, even though at least some

evidence of those reasons was in the record. For example, Dr. Grinsell explained that some of Plaintiff's medical issues were "not being addressed currently due to [the] cost of copay." (Doc. 10-7, PageID 738.) The ALJ ignored this explanation in his decision.

The ALJ's error can be excused as harmless unless it prejudices the claimant on the merits or deprives him of substantial rights. *Rabbers*, 582 F.3d at 654. The Court finds that the ALJ's error was not harmless because it prejudiced Plaintiff on the merits. Therefore, reversal and remand is required.

## VI. CONCLUSION

For the reasons stated above, the ALJ failed to evaluate Dr. Grinsell's opinions, and Plaintiff's treatment history, in accordance with the applicable Social Security rules and regulations. Accordingly, reversal is warranted.

## VII. REMAND

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is

lacking. However, Plaintiff is entitled to an Order remanding this case to the Social

Security Administration pursuant to Sentence Four of Section 405(g) for the reasons

stated above. On remand, the ALJ should evaluate the evidence of record under the

applicable legal criteria mandated by the Commissioner's regulations and rulings and

governing case law. The ALJ should evaluate Plaintiff's disability claim under the

required five-step sequential analysis to determine anew whether Plaintiff was under a

disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

1.    Plaintiff's Statement of Errors (Doc. 13) is GRANTED;

2.    The Court REVERSES the Commissioner's non-disability determination;

3.    No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4.    This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5.    This case is terminated on the Court's docket.

    */s/ Caroline H. Gentry*
    Caroline H. Gentry
    United States Magistrate Judge